95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd DEAN, Plaintiff-Appellant,
v.
SAUSALITO-MARIN CITY SANITARY DISTRICT, William Dabner,
Charles Irving, Raymond G. Gergus, and Does 1-20,
Defendants-Appellees.
 No. 95-15363.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996.
Decided Aug. 28, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Appellant in this action, Floyd Dean, asserts that the Appellees, the Sausalito-Marin Sanitary District ("the Sanitary District"), William Dabner, Raymond Gergus and Charles Irving constructively discharged him from his employment with the Sanitary District in retaliation for his having reported unsafe working conditions and violations of environmental regulations to his supervisors and regulatory agencies.
 
 
 4
 Dean asserts state claims for breach of his employment contract, breach of the implied covenant of good faith and fair dealing, constructive discharge in violation of public policy, intentional infliction of emotional distress, negligent infliction of emotional distress, and a federal claim under 42 U.S.C. § 1983 for violation of his First Amendment rights.
 
 
 5
 The district court dismissed or granted summary judgment to the Appellees on each of these claims and Dean brings this appeal.
 
 
 6
 A. Dismissal of Dean's Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing
 
 
 7
 The district court granted the Sanitary District's motion to dismiss Dean's state claims for breach of contract and for breach of the implied covenant of good faith and fair dealing because Dean failed to comply with the claims presentation requirements of the California Tort Claims Act (Tort Claims Act). The Tort Claims Act provides that presentation of a claim for money or damages against a local public entity, and action thereon by the entity, are prerequisites to filing a civil lawsuit for damages. Cal.Gov.Code § 945.4. Section 945.4 of the Act provides in part that:
 
 
 8
 no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented ... until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board....
 
 
 9
 The written claim to be presented must include "[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." (§ 910, subd. (d).).
 
 
 10
 In the case at bar, the written claim Dean presented failed to make any mention of the existence of a contract or the implied covenant of good faith and fair dealing. The claim does not request "contract-style" damages such as lost and future wages and employment benefits. Therefore, the Court concludes that the district court did not err by dismissing Dean's claims for breach of contract and for breach of the implied covenant of good faith and fair dealing due to the failure of Dean to substantially comply with the presentation requirement of the California Tort Claims Act. See Turner v. State of California, 232 Cal.App.3d 883, 284 Cal.Rptr. 349, 351-352 (Cal.App.3rd Dist.1991), and cases cited therein.
 
 
 11
 B. Summary Judgment on Dean's Claims for Intentional and Negligent Infliction of Emotional Distress
 
 
 12
 The district court granted summary judgment to the defendants on the basis that the negligent and intentional infliction of emotional distress claims were both preempted by the California Workers' Compensation Act.
 
 
 13
 In light of the California Supreme Court decisions in Gantt v. Sentry Ins., 1 Cal.4th 1083, 824 P.2d 680, 681-682, 692 (Cal.1992), and Fermino v. Fedco, Inc., 7 Cal.4th 701, 872 P.2d 559 (Cal.1994), the Court concludes that Dean's claim for negligent infliction of emotional distress is barred by the California Workers' Compensation Act but that the claim for intentional infliction of emotional distress is not.
 
 
 14
 However, although the district court may have erred in its reasoning behind granting summary judgment to the defendants on Dean's claim for intentional infliction of emotional distress, summary judgment against Dean is appropriate on this claim in any event.
 
 
 15
 In California, the elements of a claim of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress. King v. AC & R Advertising, 65 F.3d 764, 769 (9th Cir.1995) (internal quotations and citations omitted). Dean fails to raise a triable issue of fact with regard to the "extreme and outrageous" element. In King this court stated that "[s]ummary judgment is proper if a claim cannot reasonably be regarded as so extreme and outrageous as to permit recovery" and that "[c]onduct, to be outrageous, must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." See id. at 770 and cases cited therein, (internal quotations and citations omitted); See also Schneider v. TRW, Inc., 938 F.2d 986, 992 (9th Cir.1991) (affirming summary judgment when incidents in which supervisor made threatening gestures and screamed at employee while criticizing her showed rudeness and insensitivity, but did not amount to outrageous conduct). In this case the actions that form the basis for Dean's intentional infliction of emotional distress claim are not "extreme and outrageous" and cannot form the basis for a claim of intentional infliction of emotional distress.[1]
 
 
 16
 C. Summary Judgment on Dean's Claims for Wrongful Constructive Discharge
 
 
 17
 To establish a constructive discharge under California law, Dean must prove that: (1) his working conditions at the time of his resignation were so intolerable or aggravated that (2) a reasonable person in Dean's position would have been compelled to resign, and that (3) the Sanitary District either intentionally created or knowingly permitted the intolerable working conditions. See Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 32, 876 P.2d 1022, 1029 (Cal.1994).
 
 
 18
 Whether conditions are so intolerable that a reasonable person would be forced to resign generally is a question of fact. King v. AC & R Advertising, 65 F.3d 764, 767 (9th Cir.1995). However, summary judgment is appropriate on Dean's constructive discharge claim if his decision to resign was unreasonable as a matter of law. Id. The California Supreme Court has recently observed that "an employee cannot simply 'quit and sue,' claiming he or she was constructively discharged." See id., quoting Turner, 32 Cal.Rptr.2d at 227, 876 P.2d at 1026. To defeat summary judgment, Dean had to show that the conditions giving rise to his resignation were extraordinary and egregious:
 
 
 19
 In order to amount to a constructive discharge, adverse working conditions must be unusually "aggravated" or amount to a "continuous pattern" before the situation will be deemed intolerable. In general, single, trivial, or isolated acts of misconduct are insufficient to support a constructive discharge claim. Moreover, a poor performance rating or a demotion, even when accompanied by a reduction in pay, does not by itself trigger a constructive discharge.
 
 
 20
 Turner, 876 P.2d at 1027 (internal quotations, citations, and footnotes omitted). The California Supreme Court observed that "[e]very job has its frustrations, challenges, and disappointments; these inhere in the nature of work. An employee is protected from unreasonably harsh conditions, in excess of those faced by his or her co-workers. He or she is not, however, guaranteed a working environment free of stress." Id., 876 P.2d at 1026-27 (internal quotation and modifications omitted). In Turner, the plaintiff produced evidence indicating that he (1) observed illegal acts by his co-workers which he reported to management, (2) was reassigned in retaliation, (3) was given a low performance rating. Id. 876 P.2d at 1031-32. The Turner Court found that these charges, when considered together, did not give rise to a continuous pattern of harassment or aggravating conditions. See id., 876 P.2d at 1032.
 
 
 21
 To support his assertion of intolerable working conditions, Dean made the following factual assertions, in chronological order:
 
 
 22
 1) in October of 1990 he was demoted from the position of Chief Operator to Operator Grade III with no pay decrease;
 
 
 23
 2) in April of 1991 he was demoted to Operator Grade II with no pay decrease but had his salary frozen; he begins to be given a disproportionate amount of menial assignments;
 
 
 24
 3) in October of 1991 he received a poor performance review from Irving;
 
 
 25
 4) in December of 1991 Dean was threatened with termination by Irving over the issue of his use of sick leave;
 
 
 26
 5) in January of 1992 he received a second poor performance review from Irving;
 
 
 27
 6) in April of 1992 he was falsely accused by Dabner of faking an injury to avoid work;
 
 
 28
 7) in June of 1992 he took sick leave and did not return.
 
 
 29
 The Court concludes that the facts asserted by Dean are insufficient to prove the required intolerable or aggravated work conditions. These factual assertions amount to Dean being demoted without a decrease in pay and receiving several poor performance reviews. Dean has failed to show that, "under all the circumstances, [his] working conditions [were] so unusually adverse that a reasonable employee in [his] position would have felt compelled to resign." Id., 876 P.2d at 1027 (internal quotation omitted).
 
 
 30
 Because it is not necessary so to do, the Court does not address the additional bases upon which the district court awarded summary judgment on this claim.
 
 
 31
 D. Summary Judgment on Dean's Claim Brought pursuant to 42 U.S.C. § 1983 for Violation of his First Amendment Rights
 
 
 32
 The district court concluded that the individual defendants remained qualifiedly immune for their official actions because Dean had not established that there are genuine issues of material fact from which discriminatory intent on their part could be inferred. Additionally, the district court concluded that the governmental Defendant Sanitary District was not liable because Dean had not established the existence of a policy or custom of retaliation against whistleblowers.
 
 
 33
 a. Liability of Individual Defendants
 
 
 34
 Government officials performing discretionary functions, such as, in this case, demoting, evaluating and disciplining Dean, remain entitled to qualified immunity from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Lindsey v. Shalmy, 29 F.3d 1382, 1384 (9th Cir.1994). However, in Lindsey this Court held that "[m]ere conclusory assertions of discriminatory intent ... cannot be sufficient to avert summary judgment. The court must satisfy itself that there is sufficient direct or circumstantial evidence of intent." Id. at 1385 (internal quotations omitted).
 
 
 35
 In this case the district court concluded that Dean had not shown the requisite evidence of intent. The Court agrees that Dean has not presented sufficient evidence from which the Court might satisfy itself that the individual defendants in this action intended to punish Dean because of his speech.
 
 
 36
 Dean began complaining in 1987, three years before the first adverse employment action taken against him. Dean does not assert that he was ever told not to raise his safety and environmental concerns. Furthermore, Dean's second poor employment performance review was given him by Charles Irving, a manager hired in October of 1990 who was not present at the time of Dean's complaints. Finally, Dean did not leave until two and a half years after his most serious "whistleblowing" activity and each of the adverse employment actions taken against him became more minor and more remote from Dean's "whistleblowing." This record simply does not reflect a scenario of fabricated negative performance reviews and decreases in responsibility designed as retaliation for Dean's reporting activity.
 
 
 37
 b. Liability of Defendant Sanitary District
 
 
 38
 In Monell v. Dep't of Social Servs., the Supreme Court held that municipalities are "persons" subject to damages liability under section 1983 where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." 436 U.S. 658, 691 (1978). As this Court noted in Gillette v. Delmore:
 
 
 39
 [a] section 1983 plaintiff may establish municipal liability in one of three ways. First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with "final policy-making authority" and that the challenged action itself thus constituted an act of official governmental policy.... Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.
 
 
 40
 979 F.2d 1342, 1346-1347 (9th Cir.1992) (internal quotations omitted), cert. denied, 114 S.Ct. 345 (1993). Dean seeks to hold the Defendant Sanitary District liable in the first way, asserting that retaliation against whistleblowers was a policy of the governmental defendant.
 
 
 41
 In this case Dean has asserted the existence of no other employee who suffered severe adverse employment consequences as a result of whistleblowing activity. The Court concludes that the district court did not err in granting summary judgment to the governmental defendant. See Id.
 
 
 42
 The Court AFFIRMS the judgment of the district court.
 
 
 43
 REINHARDT, Circuit Judge, dissenting.
 
 
 44
 I respectfully dissent.
 
 
 45
 The district court improperly dismissed two counts of the complaint, one for breach of contract and one for breach of the implied covenant of good faith and fair dealing. The district judge erroneously reasoned that the claim that the appellant filed with the Sanitary District pursuant to state law failed to set forth these two legal theories of liability and that because of that failure the two causes of action that are based on those legal theories are barred. The district court also erred by granting appellee summary judgment on appellant's cause of action for constructive discharge.
 
 
 46
 The majority mistakenly relies on Turner v. State of California, 232 Cal.App.3d 883 (3d Dist.1991), and cases cited therein, in affirming the dismissal of the two counts on state procedural grounds. The present case is governed not by Turner, but by another series of California cases that make clear that where the facts alleged in the administrative claim are similar or identical to those upon which the complaint relies, substantial compliance with the state claim requirement is achieved. E.g., Stevenson v. San Francisco Housing Authority, 24 Cal.App. 4th 269, 278 (1st Dist.1994); Smith v. County of Los Angeles, 214 Cal.App.3d. 266, 280 (2d Dist.1989). Where, as here, a claimant sets forth in his claim the facts supporting the causes of action he subsequently alleges, he has met the state procedural requirement. He need not identify in his claim all the potential legal theories or causes of action that may arise out of these facts and that he may later plead in his complaint. Sumner Peck Ranch v. Bureau of Reclamation, 823 F.Supp. 715, 734 (E.D.Cal.1993).
 
 
 47
 Here, appellant's causes of action for breach of contract and implied covenant of good faith are based on the same facts set forth in his claim submitted under the California Tort Claims Act. The facts set forth in the claim refer to the same acts, by the same persons, that underlie the entirety of his complaint, including the two dismissed counts. Appellant's claim alleges that
 
 
 48
 [r]espondents demoted Mr. Dean from his position of Chief Operator at the Plant, ... verbally berated Mr. Dean for complaining about safety issues and illegal practices of the district; ... assigned Mr. Dean menial and humiliating tasks, such as cleaning the bathroom and painting surfaces that had recently been painted; ... took away Mr. Dean's supervisory responsibilities ... and falsely and recklessly expressed disbelief that Mr. Dean's work place injuries were genuine.
 
 
 49
 (Claim, tab 14 at exhibit C.)[1] Appellee would not be prejudiced if the appellant were allowed to proceed on those two counts because the " 'there was [not] a complete shift in allegations ... involving ... acts or omissions at different times or by different persons than those described in the claim.' " Blair v. Superior Court, 218 Cal.App.3d 221, 226 (3d Dist.1990). I believe the majority errs by affirming the decision of the district court to dismiss the first two counts of the complaint. I would reverse and permit those causes of action to be adjudicated on the merits.
 
 
 50
 The majority also errs by affirming the grant of summary judgment on plaintiff's constructive discharge claim. In Turner v. Anheuser-Busch, Inc., 876 P.2d 1022 (Cal.1994), the California Supreme Court found that plaintiff had not alleged a constructive discharge claim where he pointed only to a 1985 reassignment and a poor performance rating in 1988, following good performance reviews from 1985-87. Although "single, trivial or isolated acts of [misconduct] are insufficient' to support a constructive discharge claim, Anheuser-Busch, 876 P.2d at 1027, appellant has set forth numerous adverse actions taken against him, which are more than sufficient to raise a material issue of fact as to whether he was constructively discharged under the Anheuser-Busch standard.
 
 
 51
 Under the facts, as we must view them, shortly after Dean brought in inspectors from the California Regional Water Quality Control Board to inspect the plant, and the inspectors found deficiencies and required appellee to make changes in its operations, appellant was demoted from Chief Operator to Regular Operator. Several months later he was demoted once again, and the Sanitary District froze his salary but no one else's. He also for the first time received a number of poor performance reviews, was threatened with discharge for use of sick leave, was accused of faking injuries, and was assigned menial and make-weight tasks such as cleaning the bathrooms, while significant work remained unassigned. This pattern of alleged harassment bears no resemblance to the few minor and unconnected incidents alleged in Turner. To the contrary, the allegations meet both alternative tests set forth in Turner. The retribution allegedly engaged in was both "aggravated" and amounted to a "continuous pattern." In any event, as the majority acknowledges, the issue of whether appellant's decision to quit was unreasonable is ordinarily a question of fact for a jury. Appellant's decision to resign was surely not so patently unreasonable as to warrant taking this case from the jury. Dean's claim should have been resolved following trial, not by the court on summary judgment.
 
 
 52
 For the foregoing reasons, I respectfully dissent.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These adverse employment actions are discussed below in relation to Dean's claim of wrongful constructive discharge
 
 
 [1]
 Appellant stated at oral argument that his breach of contract claim is based not on any written contract but on his status as a public employee. Appellee does not argue here that either that claim or the implied contract claim fail on the basis that there is no actual contract between the parties